UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINWOOD EDWARD TRACY, JR., | Case No. 3:12-cv-00540-MMD-VPC |
| Plaintiff, | ORDER |
| v. | (Defs.' Motion to Dismiss – dkt. no. 7) |
| COUNTY OF LOS ANGELES, *et al.*, | |
| Defendants. | |

**I.   BACKGROUND**

Before the Court is Defendants County of Los Angeles and Deborah Wright's Motion to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim. (Dkt. no. 7.)

Plaintiff Linwood Edward Tracy filed his Complaint on March 3, 2011. Although much of Plaintiff's Complaint is incomprehensible, it is apparent that Plaintiff claims his church should be exempt from paying real property tax. (Dkt. no. 2 at 5-6.) The remainder of Plaintiff's allegations are unintelligible.

Plaintiff, proceeding *pro se*, did not file an opposition. Rather, he filed two Motions to Dismiss Defendants' Motion. (Dkt. nos. 11 and 12.) Because courts interpret *pro se* filings liberally, the Court construes these as responses to the Motion to Dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the content of the responses provides the Court no reason to deny Defendants' Motion. Plaintiff merely states that the Motion is "null and void." (*See* dkt. no. 11 at 2.) Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989).

## II. PERSONAL JURISDICTION

The Court does not have personal jurisdiction over Defendants.

"When a defendant moves to dismiss for lack of personal jurisdiction [under Federal Rule of Civil Procedure 12(b)(2)], the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To meet this burden, a plaintiff must demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable state's long-arm statute and (2) that the exercise of jurisdiction does not violate federal due process. *Id.* Courts must consider whether personal jurisdiction exists over each defendant separately. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003).

Federal courts have personal jurisdiction over defendants to the same extent as the state courts "in the state in which the [federal] district court is located." *Huffy Corp. v. Overlord Indus.*, 246 F. Supp. 2d 1093, 1096 (D. Nev. 2003) (*quoting* Fed. R. Civ. P. 4(k)(1)(A)). Under Nevada's long-arm statute, a Nevada court "may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the [C]onstitution of [Nevada] or the Constitution of the United States." NRS § 14.065(1). Thus, "Nevada's long-arm statute reaches the limits of due process set by the United States Constitution." *Baker v. Dist. Ct.*, 999 P.2d 1020, 1023 (Nev. 2000).

Due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir. 1986). A defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

///

The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process is "whether the defendant purposefully established 'minimum contacts' in the forum [s]tate," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (*quoting Int'l Shoe Co.*, 326 U.S. at 316), and "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotation omitted). The "essential" inquiry is whether "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and privileges of its laws." *Id.* at 475. These due process concerns are satisfied by a finding of either general or specific jurisdiction.

The Complaint does not allege any facts for which the Court can exercise either specific or general jurisdiction over Defendants. Defendants are tax collectors, charged with collecting real property taxes from owners of property located within the jurisdictional and political boundary of Los Angeles, California. Their offices are located in Los Angeles. Plaintiff presents no documents demonstrating that the remaining individual Defendants are Nevada residents. The only cognizable claim in this case concerns tax collection over Plaintiff's church, located in Los Angeles. Therefore, Plaintiff pleads no facts demonstrating that the circumstances giving rise to this conflict occurred in Nevada.

### III.  CONCLUSION

Defendants' Motion is GRANTED. This case is accordingly dismissed for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).[1]

The Clerk of the Court is HEREBY ORDERED to close the case.

DATED THIS 14th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court determines that it lacks personal jurisdiction over Defendants, it does not address the other arguments presented in Defendants' Motion.