UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINWOOD TRACY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TIFFANY MILES, et al., <br><br> Defendants. | Case No. 3:12-cv-00540-MMD-VPC <br><br> ORDER <br><br> (Plf.'s Motions for Recusal – dkt. no. 21, 22) |

Before the Court are Plaintiff's Motions for Recusal. (Dkt. nos. 21 and 22.) For the reasons stated below, the Motions are denied.

On May 14, 2013, the Court dismissed Plaintiff's case for lack of personal jurisdiction. (Dkt. no. 20.) Plaintiff now argues that the Court must recuse itself from this proceeding because the same Court is presiding over a criminal case where Tracy is a defendant.

**I.    DISCUSSION**

28 U.S.C. § 455, provides that:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

  (b) He shall also disqualify himself in the following circumstances:

    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

    (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

  None of the circumstances requiring disqualification exist here. The Court's administration of justice in Tracy's criminal case does not reasonably call into question its impartiality in this separate, independent civil action. Nor does bias or prejudice exist merely because Tracy is both a civil plaintiff and a criminal defendant before the Court.

  In fact, "[a]lthough a judge must recuse" herself "from any proceeding in which any of these criteria apply, he or she must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200-01 (E.D. Cal. 2010) (*citing United States v. Holland,* 519 F.3d 909, 912 (9th Cir. 2008) (parenthetical omitted). Recusal is not appropriate here, and would therefore be improper.

## II. CONCLUSION

  IT IS THEREFORE ORDERED that Plaintiff's Motions for Recusal (dkt. nos. 21 and 22) are DENIED.

DATED THIS 28th day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE